1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

12   RICHARD OCHOA,                          Case No.  1:12-cv-00604-SKO

13              Plaintiff,              **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR**

14        v.                            **ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

15
16   CAROLYN W. COLVIN,                 (Doc. 29)
     Acting Commissioner of Social Security,

17              Defendants.

18   _____/

19                          **I.    INTRODUCTION**

20

21        On January 8, 2015, counsel for Plaintiff, Marc V. Kalagian, Esq., filed a motion for an

22   award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (Doc. 29.)  Plaintiff Richard Ochoa

23   ("Plaintiff") was served with the motion for attorney's fees, but filed no opposition to counsel's

24   request.  (Doc. 29, p. 10.)     On January 9, 2015, the Court issued a minute order permitting

25   Plaintiff to file any objection to his counsel's motion on or before January 26, 2015.  This order

26   was served on Plaintiff.  On January 26, 2015, the Commissioner filed a statement taking no

27   position as to the reasonableness of the fee request.  For the reasons set forth below, the motion for

28   an award of attorney's fees is GRANTED.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act.  (Doc. 1.)  On appeal, the Court ordered that the Administrative Law Judge's opinion be reversed and remanded the case for further proceedings.  (Docs. 25, 26.)  On December 12, 2013, the parties filed a stipulation that Plaintiff be awarded attorney fees under the Equal Access to Justice Act ("EAJA"). (Docs. 27, 28.)  On December 10, 2013, Plaintiff's counsel was awarded EAJA fees in the amount of $2,000.  (Doc. 28.)

On December 29, 2014, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff in the amount of $56,929.  (Doc. 29-3.)  The letter noted that $14,232.25 was withheld from Plaintiff's award of disability benefits for payment of any applicable attorney fees.  (Doc. 29-3, p. 3.)  On January 8, 2015, Mr. Kalagian filed a motion for attorney's fees in the amount of $10,000 with an offset of $2,000 for EAJA fees already awarded. (Doc. 29.)  It is counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).   "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The

1   Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee

2   award is not paid by the government.  *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d

3   324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of

4   fee awards under Section 406(b) is to provide adequate incentive to represent claimants while

5   ensuring that the usually meager disability benefits received are not greatly depleted.  *Cotter v.*

6   *Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

7   807.

8       The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts

9   are required to ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 (Section

10   406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section

11   406(b) instructs courts to review for reasonableness fees yielded by those agreements).  "Within

12   the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought

13   is reasonable for the services rendered."  *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding

14   that Section 406(b) "does not specify how courts should determine whether a requested fee is

15   reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits

16   awarded").

17       Generally, "a district court charged with determining a reasonable fee award under

18   § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

19   first to the contingent-fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at

20   1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified

21   several factors that may be considered in determining whether a fee award under a contingent-fee

22   agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

23   representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

24   dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

25   benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

26   attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

27   cases.  *Id*.  (citing *Gisbrecht*, 535 U.S. at 807-08).

28

Here, the fee agreement between Plaintiff and his counsel provides:

"The fee for successful prosecution of this matter is **25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**."

(Doc. 29-1.)   The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits.   Plaintiff's counsel's office expended 19.2 hours of attorney and paralegal time on the case.   (Doc. 29, Kalagian Decl., ¶ 5.)   There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff.   There is also no evidence that Mr. Kalagian engaged in any dilatory conduct resulting in delay.   Attorney's fees in the amount of $10,000 represent *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award.   *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.   *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'") (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA.   28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.   Plaintiff was awarded $2,000 in fees pursuant to the EAJA, and the award of Section 406(b) fees must be offset in that amount.

4

**IV.   CONCLUSION AND ORDER**

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $10,000 is GRANTED subject to a $2,000 offset for EAJA fees previously awarded.


IT IS SO ORDERED.

Dated:   **March 16, 2015**                                  **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE